NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAFAEL FRANCO SOTO, | : | |
| Petitioner, | : | Civil Action No. 17-13176 (ES) |
| v. | : | MEMORANDUM OPINION |
| WARDEN CHARLES GREEN, | : | |
| Respondent. | : | |

IT APPEARING THAT:

1. Petitioner Rafael Franco Soto ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey. On December 6, 2017, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal. (D.E. No. 1, Petition ("Pet")).

2. In his Petition, Petitioner states that he has been detained without bond since January 4, 2017. (Pet. at 2). He argues that his mandatory detention under 8 U.S.C. § 1226(c) has become prolonged, and he is therefore entitled to a bond hearing. (*Id.* at 3-4).

3. Though Petitioner fails to mention it in his current Petition, he recently filed a virtually identical habeas petition. (*See Soto v. Green*, Civil Action No. 17-7391). In that matter, the Court ordered Respondent to file an answer, and in response, Respondent filed a letter consenting to a bond hearing for Petitioner. (*Id.*, D. E. No. 4).

4. As a result, the Court entered an Order granting the petition and ordering the immigration judge to conduct a bond hearing for Petitioner. (*Id.*, D.E. No. 5). On November 30, 2017, the immigration judge held the hearing and denied bond. (*Id.*, D.E. No. 7).

5. Approximately one week later, Petitioner filed the instant Petition.

6. As is clear from the record in Petitioner's prior case, Petitioner has already received a bond hearing before an immigration judge—which is the only remedy available to him before this Court. *See* 8 C.F.R. § 1003.19(c). The Court does not have the power to second guess the discretionary decision of the immigration judge to deny Petitioner's release on bond. *See Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (citing 8 U.S.C. 1226(e)) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, *or the grant, revocation, or denial of bond or parole*.") (emphasis in original)); *see also Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004)); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) ("If [the detainee] requests, but is wrongfully denied, a bond hearing, he may ask this Court to order that such a hearing be held. After a bona fide bond hearing, the immigration judge might grant, or deny, release on bond. I would not have the power to overrule such a denial of release after a bona fide hearing.") (footnote omitted); *Poyce v. Green*, No. 16-8676, 2017 WL

935444, at *3 (D.N.J. Mar. 9, 2017) (denying successive habeas petition where bond hearing had been held, but immigration judge denied release).

      7.   Because this Court has already granted the relief Petitioner seeks, and the only relief this Court can provide, the Petition will be denied *without prejudice*. An appropriate Order follows.

                                                  *s/ Esther Salas*
                                                 **Esther Salas, U.S.D.J.**